**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-6355**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DICKINSON NORMAN ADIONSER, a/k/a D.C. Black,

        Defendant - Appellant.

———————

**No. 15-6405**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DICKINSON NORMAN ADIONSER, a/k/a D.C. Black,

        Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (2:03-cr-00081-HCM-JEB-1; 2:10-cv-00085-HCM-DEM)

———————

Submitted: September 17, 2015    Decided: October 14, 2015

———————

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

Dickinson Norman Adionser, Appellant Pro Se. Darryl James Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dickinson Norman Adionser appeals the district court's order entered December 23, 2014, construing his motion for relief from judgment under Fed. R. Civ. P. 60(b) as a motion under 28 U.S.C. § 2255 (2012), and dismissing it as successive. He also appeals the district court's denial of his motion to reconsider the court's order of September 9, 2014. Adionser further appeals the district court's order of March 18, 2015, denying his motion to reconsider the December 23, 2014 order. Upon review of the record, we affirm the district court's denial of relief on Adionser's motion to reconsider its order of September 9, 2014. With regard to the court's decision to construe Adionser's motion for relief from judgment as a § 2255 motion, and the related denial of the motion to reconsider, we vacate the district court's orders and remand for further proceedings.

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas [application]" and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) (2012) for successive applications. United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)). By contrast, a "Rule 60(b) motion that

3

challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." Id. (quoting Gonzalez, 545 U.S. at 531-32). Where, however, a motion "'presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b),'" such a motion is a mixed Rule 60(b)/§ 2255 motion. See id. at 400 (quoting United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003)).

In his motion for relief from judgment, Adionser sought a remedy for the perceived fraud inherent in his § 2255 proceeding and raised direct attacks on his conviction and sentence. Accordingly, the motion was a mixed Rule 60(b)/§ 2255 motion. See McRae, 793 F.3d at 397, 400-01; Gonzalez, 545 U.S. at 532 n.5 (noting that "[f]raud on the federal habeas court" is an example of an alleged procedural defect that may provide the basis for a true Rule 60(b) motion); Winestock, 340 F.3d at 207 (stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

The district court did not afford Adionser the opportunity to elect between deleting his successive § 2255 claims from his true Rule 60(b) claims or having his entire motion treated as a successive § 2255 motion. See McRae, 793 F.3d at 400 ("This

4

Court has made clear that '[w]hen [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" (quoting Winestock, 340 F.3d at 207)). We therefore vacate the district court's orders and remand for further proceedings.

We grant leave to proceed in forma pauperis and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
